UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BRANDON NORMAND ET AL** | **CASE NO. 6:23-CV-01330** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **TERRA GROUP L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Before this Court is a MOTION TO DISMISS COUNTERCLAIMS AND THE AFFIRMATIVE DEFENSE OF SETOFF/CREDIT filed by plaintiffs Brandon Normand, Kevin Smith, and Patrick Bernard. (Rec. Doc. 9). Defendants Terra Group, LLC, Kodi Avila, and Edgar Ramayo oppose the motion. (Rec. Doc. 13). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Plaintiffs' instant motion be GRANTED IN PART and DENIED IN PART.

### Factual Background

Plaintiffs filed the instant suit against Terra and its alleged "owners, managers and operators" Avila and Ramayo asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and La. R.S. 23:632. (Rec. Doc. 1, generally). Plaintiffs allege they were employed by Terra as dump truck drivers for various periods during 2022 and 2023. (*Id.* at ¶¶ 16–20). During their employment, Plaintiffs claim Terra misclassified them as independent contractors and deprived them of overtime wages to which they were entitled as non-exempt employees under the FLSA. (*Id.* at ¶¶ 33–38). Plaintiffs further allege that Terra failed to pay their wages at the agreed contractual rate of 27% of gross revenue on each haul they completed. (*Id.* at ¶¶ 39–41). Normand and Smith claim that they were retaliated

against for questioning management regarding their wages.  (*Id.* at ¶ 42).  Alternatively, Plaintiffs assert claims for breach of contract under Louisiana law based on Defendants' alleged failure to pay wages as contracted among the parties.  (*Id.* at ¶¶ 77–81).  Plaintiffs also claim that, upon termination of their employment, Defendants failed to tender their parting wages as required under La. R.S. 23:631, *et seq.*  (*Id.* at ¶¶ 73–76).

Defendants answered the suit, denying all alleged violations and asserting a variety of defenses and counterclaims.  (Rec. Doc. 7).  Plaintiffs' instant motion seeks dismissal of Defendants' defense of setoff or credit and dismissal of all counterclaims against each Plaintiff.  Alternatively, Plaintiffs' motion seeks a more definite statement as to these counterclaims on the basis of vagueness.

The instant motion has been fully briefed and is now properly before the undersigned for consideration.

## Analysis

Federal district courts are courts of limited jurisdiction and possess only such jurisdiction as is expressly conferred upon them by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge the jurisdiction of the court as to one or more claims before it.  Dismissal under Rule 12(b)(1) is appropriate "'when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Shumaker v. Guzman*, 2023 WL 1434276 at * 1 (5th Cir. 2023) (quoting *Home Builders Assn. of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted)).

When considering a Rule 12(b)(1) challenge, the court "'accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting

2

*Martin K. Eby Constr., Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The burden of proving the existence of federal subject matter jurisdiction belongs to the party invoking the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Where, as here, challenges to the Court's jurisdiction are paired with challenges on the merits, courts must first consider matters of jurisdiction before addressing the merits of any claim. *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014) (citing *Willoughby v. U.S. ex rel. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013)).

Claims "arising under the Constitution, laws, or treaties of the United States" present a federal question and fall within the original jurisdiction of the district courts pursuant to 28 U.S.C. § 1331. The presence of federal question jurisdiction is governed by the well-pleaded complaint rule, which dictates that federal question jurisdiction exists where a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Plaintiffs' claims for nonpayment of overtime wages,[1] recordkeeping violations,[2] and retaliation[3] are asserted under the FLSA and, accordingly, clearly fall within the Court's original jurisdiction pursuant to Section 1331.

"District courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [a court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

---

[1] Rec. Doc. 1 at ¶¶ 63–69.
[2] *Id.* at ¶¶ 63–72.
[3] *Id.* at ¶¶ 82–88.

3

Plaintiffs' state law claims for breach of contract and nonpayment of parting wages are properly before the Court under its supplemental jurisdiction if they form part of the "same case or controversy" raised by Plaintiff's FLSA claims. "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from the same nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

In this case, Plaintiffs' FLSA claims allege the nonpayment of overtime wages, violation of FLSA recordkeeping requirements, and retaliatory discharge after Plaintiffs raised the FLSA violations with Defendants. (Rec. Doc. 1 at ¶¶ 63–72, 82–88). Plaintiffs' state law claims allege the violation of an employment contract and the nonpayment of parting wages under La. R.S. 23:631, *et seq*. Specifically, Plaintiffs allege that Defendants improperly deducted expenses from the gross revenue earned from each haul, in violation of the contractual wage agreed among the parties. (*Id.* at ¶ 40).

Review of Plaintiffs' claims indicates that their federal and state law claims will both require the court to determine Plaintiffs' proper wages. Moreover, any calculation of overtime wages would only be possible after the proper wages are determined. Accordingly, this Court views Plaintiffs' federal and state law claims as deriving from the same nucleus of operative facts and, thus, belonging to the same case or controversy for purposes of supplemental jurisdiction. *Malmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010); *Saenz v. Austin Roofer's Supply*, 664 F. Supp. 2d 704, 710 (W.D. Tex. 10/6/2009) (state law contract claims for nonpayment of commission shared a "common nucleus of operative" facts with plaintiff's FLSA claims and fell within the court's supplemental jurisdiction).

Defendants' counterclaims require a separate analysis. Defendants assert separate counterclaims against each Plaintiff. (Rec. Doc. 7 at ¶¶ 2–6). As against Normand,

Defendants allege tortious interference with Terra's business relationships, slander, defamation, intentional infliction of emotional distress, and harassment. (*Id.* at ¶¶ 2–4). As against Bernard, Defendants allege damage to property and damage to Terra's business reputation. (*Id.* at ¶ 5). As against Smith, Defendants allege damage to property and intentional infliction of emotional distress. (*Id.* at ¶ 6).

Within the Fifth Circuit, employer counterclaims in FLSA actions are not permitted except under a single narrow exception. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010) (clarifying that setoff claims permissible in FLSA cases where requested relief would not, if granted, cause plaintiff's final award to fall below the statutory minimum wage and where the relief sought is sums that are properly considered wages pre-paid by the employer to the plaintiff). Defendants' counterclaims in this suit do not fit within the narrow exception for FLSA setoff counterclaims announced by the Fifth Circuit in *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003), and clarified in *Martin*. Rather than pleading the pre-payment of wages, Defendants' counterclaims allege separate torts by Plaintiffs and seek setoff in the amount of any relief found to be due Defendants for these alleged injuries. (Rec. Doc. 7 at 12). Accordingly, Defendants' counterclaims should be dismissed as to all FLSA claims pursuant to Fed. R. Civ. P. 12(b)(1).

Further analysis is warranted regarding Defendants' counterclaims as they relate to Plaintiffs' Louisiana law claims. Defendants assert that these counterclaims are compulsory, such that dismissal is inappropriate. (Rec. Doc. 13 at pp. 2–3).

Counterclaims are "compulsory" where any of the following inquiries is answered in the affirmative:

1. Do the claim and counterclaim raise the same issues of fact and law?
2. Would a subsequent suit based on the defendant's counterclaim be barred by *res judicata*?
3. Would substantially the same evidence be offered in support of or to refute the claim and counterclaim?

5

    4.    Is there a logical relationship between the claim and the counterclaim? Fed. R. Civ. P. 13(a); *Park Club, Inc. v. Resolution Tr. Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992).

    A "logical relationship" exists where the counterclaim arises from the same "aggregate of operative facts in that the operative facts serve as the basis for both claims." *Plant v. Blazer Fin. Srvs., Inc. of Ga.*, 598 F.2d 1357, 1361 (5th Cir. 1979).

    Applying the above factors to the counterclaims before this Court, the undersigned concludes that Defendants' counterclaims are permissive in nature. Plaintiffs' claims for unpaid overtime and recordkeeping violations under the FLSA—as well as those asserted under Louisiana law for breach of contract and failure to pay parting wages—arise from facts wholly distinguishable from those underlying Defendants' tort counterclaims. That an employment relationship existed between Plaintiffs and Defendants, no matter what the nature of that relationship may be found to have been, does not operate to tie Plaintiffs' unrelated wage and overtime claims to Defendants' tort claims. Accordingly, this Court does not agree with Defendants' assertion that any subsequent suit against Plaintiffs based on Defendants' counterclaims would be barred by *res judicata*. Taken together, the factors indicate that Defendants' counterclaims are permissive rather than compulsory. Permissive counterclaims must be supported by an independent basis for federal jurisdiction or fall within the court's supplemental jurisdiction under 28 U.S.C. § 1367. Defendants' counterclaims sound in Louisiana tort law and are not alleged to satisfy the Court's complete diversity and amount in controversy requirements sufficient to bring them under its diversity jurisdiction. 28 U.S.C. § 1332. As above, this Court does not find that Defendants' counterclaims, alleging various torts unrelated to Plaintiffs' wage and overtime claims, form part of the "same case or controversy" as would bring them within the Court's supplemental jurisdiction. *De La Garza v. R & S Dairy Queens, Inc.*, 2023 WL 2920301 (W.D. Tex.

6

3/24/2023) (citing *Martin*, *supra*, at 741) (dismissing counterclaims based on alleged theft filed in response to plaintiff's FLSA claims); *Garcia v. Madison River Commc'ns, LLC*, 2002 WL 1798774 at * 3 (E.D. La. 8/5/2002) (dismissing tort-based counterclaims as permissive in relation to employee's FLSA claims).

Were this Court to conclude that Defendants' counterclaims were compulsory, the undersigned would nevertheless recommend that the Court decline jurisdiction over such claims. 28 U.S.C. § 1367(c)(3). *Poole v. Dhiru Hospitality, LLC*, 2019 WL 3845454 (W.D. Tex. 8/15/2019) (citing *Cordero v. Voltaire, LLC*, 2013 WL 6415667 at *3 (W.D. Tex. 12/6/2013) (report and recommendation urging the court to decline to exercise jurisdiction over defendant's permissive counterclaims within the context of an FLSA action; case later dismissed). As cited above, district courts within the Fifth Circuit are reluctant to disregard *Martin*'s caution that FLSA claims should not be clouded with the "clutter" of other employment-related claims.

For these reasons, this Court recommends that Defendants' counterclaims be dismissed without prejudice and, accordingly, that Plaintiffs' instant motion be otherwise denied as moot.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' instant motion be GRANTED in part, such that Defendants' counterclaims be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 13(a) and DENIED in all other respects as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

7

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 24th day of July, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**